**Troy M. CORDELL, Jr.,**
**Plaintiff–Appellant,**

v.

**VERIZON COMMUNICATIONS, INC.,**
**Vodafone, Verizon Wireless,**
**Defendants–Appellees.**

**No. 08–2616–cv.**

United States Court of Appeals,
Second Circuit.

June 3, 2009.

Samuel F. Prato, Victor, NY, for Appellant.

Steven G. Carling, Harter Secrest & Emery LLP, Rochester, NY, for Appellees.

PRESENT: Hon. CHESTER J. STRAUB, Hon. PETER W. HALL and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

58

## SUMMARY ORDER

Plaintiff-appellant Troy Cordell, Jr. appeals from the district court's grant of summary judgment dismissing his claims against Verizon Wireless that he had been improperly terminated due to his race, in violation of Title VII of the Civil Rights Act of 1964 and New York Human Rights Law. We assume the parties' familiarity with the underlying facts and procedural history.

We review a district court's grant of summary judgment *de novo*, construing all facts in favor of the nonmoving party. *See Jeffreys v. City of N.Y.*, 426 F.3d 549, 553 (2d Cir.2005). Summary judgment is appropriate where "there is no genuine issue as to any material fact." Fed. R.Civ.P. 56(c).

To establish a *prima facie* case of racial discrimination under Title VII, a claimant must show that: "1) he belonged to a protected class; 2) he was qualified for the position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir.2003). The district court properly found that Cordell has failed to establish a *prima facie* case because he has not demonstrated the existence of circumstances giving rise to an inference of discrimination.

Cordell contends that he "was treated differently from white employees in the enforcement of Verizon['s] policy prohibiting family transactions at the same store where the employee worked." In support of this claim, Cordell has identified four white employees who he says violated Verizon's Employee Accounts policy and were not terminated.

We do not credit Cordell's allegations that Verizon did not terminate Vinnie St. George and three other white employees who conducted family transactions. These particular allegations in the record do not qualify as evidence of discrimination because Cordell's description of these transactions in his affidavit contradicts his earlier deposition testimony. *Compare, e.g.*, App. 72 (stating that Vinnie St. George "never touched the account") *with* App. 239 (stating that "[b]ased on the work policy rule of no family member transactions St. George violated the rule"); *see Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir.2001) ("[F]actual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts her own prior deposition testimony.").

Moreover, to the extent that Cordell's allegations with respect to David Gress might be viable, they are insufficient to overcome the "same actor inference" in this case. As the district court observed, Holly Storm, Cordell's supervisor, and Louis Rivera, Director of Human Resources, "were responsible for both the promotion and termination decisions within a matter of a few weeks." *Cordell v. Verizon Wireless*, 550 F.Supp.2d 400, 404 (W.D.N.Y.2008). And as this Court has stated, "where the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire." *Schnabel v. Abramson*, 232 F.3d 83, 91 (2d Cir.2000). This "remains a highly relevant factor in adjudicating a motion for summary judgment," *id.*, and "[t]his is especially so when the firing has occurred only a short time after the hiring." *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 560 (2d Cir.1997).

To the extent that Cordell argues on appeal that he did not violate Verizon's policy against engaging in transactions with family members, we note that Cordell admitted to wrongdoing in an email that he sent to his supervisor: "I made a bad business code of conduct decision based apon [sic] this account belonging to a family member.... I am aware of the policy. I fully understand and agree with the Verizon policies. I can 100% Guarantee that this will never happen again."

We have considered Defendant-appellant's other arguments and find them to be without merit. For the foregoing reasons, the judgment of the United States District Court for the Western District of New York is AFFIRMED.